LINGEL H. WINTERS, ESQ. (SBN 37759)
LAW OFFICES OF LINGEL H. WINTERS
A PROFESSIONAL CORPORATION
One Maritime Plaza, Suite 400
San Francisco, CA 94111
Telephone:    (415) 398-2941
Facsimile:    (415) 393-9887

GIRARDI & KEESE
THOMAS V. GIRARDI (SBN 36603)
1126 Wilshire Blvd.
Los Angeles, CA 90017-1904
Telephone (213) 977-0211

Attorneys for Plaintiff and the Putative Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL)ANTITRUST LITIGATION | MDL No. M:07-cv-01827 SI |
| | Case No. C-07-cv-2796 SI |
| | **CLASS ACTION** |
| *EMW, Inc. v. LG Philips LCD CO., LTD et al.* Case No. C-07-2796 SI | **MOTION FOR ORDER SHORTENING TIME** |
| THIS DOCUMENT RELATES TO ALL INDIRECT PURCHASER ACTIONS | Date: July 10, 2007 Time: 10:00 a.m. |
| | Hon. Susan Illston Courtroom: 10 |

Pursuant to Civil Local Rule 6-3, plaintiff and moving party EMW, Inc. moves the Court for an order shortening time to hear plaintiff's Motion To Appoint Interim Class Counsel For the California Indirect Purchasers Subgroup.

On June 4, 2007, plaintiff EMW, Inc. filed its Reply Memorandum Indirect Purchaser Leadership Proposal of Lingel H. Winters P.C. in the belief that the hearing on various class

motions was firmly set for June 8, 2007 and that there was no further time in which to take action. On June 5, 2007, the Court continued the motions to July 10, 2007. With this continuance in hand, plaintiff undertook to engage co-counsel to join in filing its Motion To Appoint Interim Class Counsel For the California Indirect Purchasers Subgroup. On June 18, Thomas V. Girardi of Girardi & Keese agreed to join as co-counsel and plaintiff set about finalizing said Motion. It is believed that said Motion will simplify the case and increase the manageability and judicial economy for the case, and that therefore, it is in the interest of all parties and the Court for said Motion to be heard on July 10, 2007.

Substantial harm or prejudice will occur if the time for hearing the motion is not shortened in several regards:

1) The Court and putative classes will be deprived of the appropriate competition among law firms for service to them.

2) The manageability of the indirect purchasers action may be adversely affected by consolidated representation of claimants claiming under the laws of 20-30 different states. The Motion contends that manageability and commonality can only be achieved by subgrouping the various claims.

Some counsel claim that claimants claiming under the differing laws of 20-30 states may be represented by one consolidated group of attorneys. Plaintiff contends that such representation could undermine commonality and predominance and lead to conflicts. Plaintiff contends that there is a natural subgrouping that arises from the complaint in *Eliasoph v. LG Philips Co, Ltd. et al.,* breaks the claimants down into three natural groups:

1) Subgroup One: California Claims (*Eliasoph* Second, Third Claims)

    2) SubGroup Two: Claims under Other Repealer States with laws involving "Violations of State Antitrust and Unfair Competition

Laws" – *Eliasoph Fourth Claim*)

3) Subgroup Three: Claims under State laws claimed as "Violations of State Consumer Protection and Unfair Competition Laws – *Eliasoph Fifth Claim*.

In such cases as *Walsh v. Ford Motor Co.* (D.C. Cir. 1986) 807 F.2d 1000, 1017 and *In Re School Asbestos Litigation* 789 F.2d 996 (3rd Cir. 1986), the Courts concluded various and differing state claims may satisfy the predominance and commonality requirement where subgrouping of such State claims in employed.

The Motion also contends that such subgrouping minimizes conflicts.

Since multiple parties are involved in this complex action, the best notice is by ECF and it would be impractical to seek stipulation.

WHEFORE plaintiff prays for an Order Shortening Time for plaintiff's Motion to Appoint Interim Class Counsel For the California Indirect Purchasers Subgroup.

Dated: June 2-1, 2007        LAW OFFICES OF LINGEL H. WINTERS
                             A PROFESSIONAL CORPORATION

                             By: /s/ Lingel H. Winters
                                 Lingel H. Winters